WO                                                                                                              MGD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dexter Delbert Loring,<br>　　　　　Plaintiff,<br>v.<br>William Daly, et al.,<br>　　　　　Defendants. | No. CV 19-05133-PHX-JAT (JFM)<br><br>**ORDER** |

　　　　Plaintiff Dexter Delbert Loring, who was previously confined in the Salt River Pima Maricopa Indian Community's Department of Corrections ("Salt River DOC") in Scottsdale, Arizona, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Incarcerated Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5.[1]  (Doc. 1.)  Defendants Salt River DOC Director William Daly and Lieutenant Director Dean Lee have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  (Doc. 31.)  Plaintiff was informed of his rights and obligations to respond (Doc. 32), and he opposes the Motion.  (Doc. 39.)

　　　　The Court will grant the Motion to Dismiss.

**I.　　Background**

　　　　Plaintiff alleges in Count Eight of his Complaint that while he was incarcerated in the Salt River DOC, he asked why he and other prisoners in administrative segregation,

---

[1] Plaintiff filed this action while he was incarcerated by the Salt River DOC, but he was subsequently released from Salt River DOC custody.  (*See* Docs. 8, 23, 24.)

where Plaintiff was held, were not allowed to attend ceremonial sweat lodge when other prisoners not in administrative segregation were allowed to do so. (Doc. 1 at 15.) Plaintiff alleges that Defendants Daly and Lee "haven't made [an] effort to accommodate all inmates to practice ceremonial religion, as guaranteed in the Indian Tribal Rights Act and Civil Rights Law." (*Id.*) Plaintiff further alleges that unidentified staff "have suggested at least once a month for all inmates, so to have equality and fairness, but Director Daly responded this was not priority."[2] (*Id.*) As a result, Plaintiff has suffered emotional and mental anguish. (*Id.*) Plaintiff seeks $2 million in damages and reformation of Salt River DOC policy "wherein all personnel are held accountable to the fullness of discipline for acts against inmates." (*Id.* at 16.)

On screening pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated the following claims in Count Eight: a RLUIPA claim for injunctive relief against Daly and Lee in their official capacities and a First Amendment claim for damages against Daly and Lee in their individual capacities. (Doc. 17.) The Court directed Daly and Lee to answer these claims and dismissed the remaining claims and Defendants. (*Id.*)

Daly and Lee move to dismiss Plaintiff's Complaint, arguing that the Court lacks subject matter jurisdiction due to tribal sovereign immunity, Plaintiff lacks standing to assert a RLUIPA claim or to obtain injunctive relief, and Plaintiff fails to state a claim because Daly and Lee, as tribal officials, did not act under color of state law. (Doc. 31.)

**II.    Motion to Dismiss Legal Standards**

**A    Federal Rule of Civil Procedure 12(b)(1)**

Rule 12(b)(1) allows a defendant to raise the defense that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. When considering a motion to dismiss for lack of subject matter jurisdiction, the Court takes as true the material facts alleged in the complaint. *See Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). But the Court is not restricted to the face of the pleadings; it

---

[2] Although unclear, it appears that the suggestion was that all prisoners be allowed to attend ceremonial sweat lodge once a month.

- 2 -

may consider affidavits to resolve any factual disputes concerning the existence of jurisdiction. *McCarthy v .United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citation omitted); *see Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment). If a defendant files a Rule 12(b)(1) motion attacking the existence of subject-matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

### B.     Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal of the complaint, or any claim within it, may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Generally, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the

pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

### III. Discussion

#### A. Sovereign Immunity

##### 1. Legal Standard

"Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.,* 498 U.S. 505, 509 (1991) (quoting *Cherokee Nation v. Georgia,* 5 Pet. 1, 17, 8 L.Ed. 25 (1831)). "Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58 (1978)). Tribal sovereign immunity "also protects tribal employees where a tribe's officials are sued in their official capacities" because such a suit would in effect be against the tribe, which is barred by tribal sovereign immunity. *Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (quoting *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2015)).

The issue of tribal sovereign immunity is properly addressed in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Pistor*, 791 F.3d at 1114. In this context, "the party asserting subject matter jurisdiction has the burden of proving its existence," i.e., that immunity does not bar the suit, and "[n]o presumptive truthfulness attaches to [a] plaintiff's allegations." *Id*. at 1112 (citations and quotations omitted). In resolving a motion to dismiss based on tribal sovereign immunity, "[a] district court may hear evidence regarding jurisdiction and resolv[e] factual disputes where necessary." *Id*. (internal citations and quotation marks omitted).

However, sovereign immunity does not bar suits for damages against tribal officials in their individual capacities. *See Maxwell*, 708 F.3d at 1089-90 (holding that the plaintiffs

were suing the paramedics from the Viejas Band of Kumeyaay Indians Tribal Fire Department in their individual capacities for money damages, not the Viejas Band, and that any damages would come from the defendants' own pockets and not the tribal treasury).

### 2. Facts

The Salt River Pima Maricopa Indian Community (SRPMIC or "Community") is a federally recognized sovereign Indian tribe.[3] 85 Fed. Reg. 5462 (Jan. 30, 2020). SRPMIC's Tribal Code states that it possesses the "inherent sovereign authority and sovereignty to regulate the conduct of persons and activities within its territory and jurisdiction." Section 1-6, SRPMIC Code of Ordinances ("Tribal Code").[4] Under the Tribal Code, "sovereign immunity of the Community [SRPMIC], its division, agents, entities, instrumentalities, employees or officials" can only be waived by the SRPMIC. Tribal Code Sec. 23-20.

Defendant Daly asserts in a Declaration that, in 1967, the Community assumed full control of the Law and Order Program and established the Salt River DOC on February 16, 2000. (Doc. 31-1 at 3 ¶¶ 3-4; Doc. 31-1 at 6.) The Salt River DOC Director and Lieutenant Director are delegated with full Community authority to operate the Salt River DOC and the corrections facility, which is located within the Tribal Government complex and within the exterior boundaries of the Community's reservation. (*Id.* ¶¶ 2, 4-8.) Daly is responsible for supervising all matters related to Salt River DOC operations, and he takes direction from and reports to the Community Council. (*Id.* ¶¶ 5-6.) Lee is responsible for the day-to-day operations of the Salt River DOC under Daly's supervision. (*Id.* ¶ 7.) Both Daly and Lee supervise the development and administration of the Salt River DOC policies regarding administrative segregations and the availability and attendance at sweat lodge. (*Id.* ¶ 9.)

---

[3] It appears that Plaintiff is a member of the SRPMIC based on his averments in Court filings such as "this "lawsuit would make a big difference w/in my community of Salt River Indian Community" (Doc. 8 at 3) and "[a]s a Native American incarcerated in these institutions . . . ." (Doc. 34 at 5).

[4] The Tribal Code is available https://www.srpmic-nsn.gov/wp-content/uploads/2018/12/CodeOfOrdinances-Complete.pdf (last visited May 19, 2021).

### 3. Discussion

Defendants argue that the Court lacks subject matter jurisdiction over claims brought against them in their official capacities based on tribal sovereign immunity, which extends to the governmental activities of the tribe. (Doc. 31 at 5-6.) They also contend that Plaintiff's individual-capacity claim for damages is actually a "masked official capacity suit." (*Id*. at 7, citing *Pistor*, 791 F.3d at 1113.)

Plaintiff responds that federal district courts have "all right[s] to intervene into any federal tribal land when a crime is committed or certain rights are violated" such as "when an authorit[at]ive individual dictates to control those rights in order to manage and override certain laws and acts, such as [RLUIPA]." (Doc. 39 at 1.) Plaintiff asks how tribal sovereignty immunizes "abuse of authority and entitle burden [sic] on Community members?" (*Id*. at 3.) Plaintiff argues that "Defendant [sic] needs to answer for his actions against inmates on tribal lands." (*Id*. at 4.)

Plaintiff has not met his burden of proving that this Court has subject matter jurisdiction over his official-capacity claim against Defendants for their alleged actions taken on tribal lands pursuant to tribal authority. As such, Plaintiff's official capacity RLUIPA claim against Defendants is barred by tribal sovereign immunity, and the Court will dismiss this claim.[5]

Although the Court liberally construed Plaintiff's Complaint at screening as stating an individual-capacity First Amendment claim against Defendants under § 1983, the Court now reconsiders the screening Order to find that Plaintiff has only stated an official-capacity claim against Defendants. *See City of L.A., Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001) ("[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient") (internal citations omitted).

---

[5] In addition, Plaintiff's claim for injunctive relief, the only relief available under RLUIPA, is moot because Plaintiff has been released from the custody of Salt River DOC.

- 6 -

This is because Plaintiff has only alleged that Defendants failed to accommodate the religious rights of all prisoners in administrative detention, not just himself, and when "certain staff" suggested "once a month for all inmates," presumably suggesting that all prisoners, including those in administrative detention, be allowed to participate in the sweat lodge ceremony monthly, Daly rejected this policy change.  Moreover, although Plaintiff requested damages, the relief Plaintiff seeks is aimed at changing Salt River DOC policy. Plaintiff confirmed this in his Response, stating that what he is seeking is "remodification of tribal policy that involve the Salt River Department of Corrections" and "w[ith] this lawsuit I only wish to remodify living conditions and policy." (Doc. 39 at 4-5.)  As to his request for damages, Plaintiff said, "maybe the amount was excessive or even not to be heard . . . ., but the point still stands, Defendant [sic] needs to answer for his actions against inmates on tribal lands." (*Id*. at 4.)

Based on these averments, Plaintiff's alleged injuries arise from a policy, practice, or custom of the Salt River DOC, over which Defendants have policymaking authority, at the direction of the Community Council, which is an official-capacity claim. (Doc. 31-1 at 3-4 ¶¶ 6, 9.)  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188-89 (9th Cir. 2002) (holding that a local government is liable for the actions of "its lawmakers or by those whose edicts or acts may fairly be said to represent official policy") (quoting *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official capacity suit represents a way of pleading an action against an entity, and it is treated as a suit against the entity).  Additionally, due to the nature of the primary relief Plaintiff seeks—reformation of Salt River DOC policy—Plaintiff's First Amendment claim is in essence an official-capacity claim against the SRPMIC and is barred by principles of sovereign immunity.

### B. Failure to State a Claim

Alternatively, even if the Court construed this as an individual-capacity First Amendment claim, Plaintiff fails to state a claim because Plaintiff has not alleged that either Defendant was acting under color of state law. *Thornton v. City of St. Helens*, 425

F.3d 1158, 1163-64 (9th Cir. 2005) (to prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage) (citation omitted). "No action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of *tribal* law." *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978)). "Actions taken under color of tribal law are beyond the reach of § 1983, and may only be examined in federal court under the provisions of the Indian Civil Rights Act." *Id.* (recognizing that the Supreme Court has "foreclosed any reading of the [Indian Civil Rights Act] as authority for bringing civil actions in federal court to request . . . forms of relief [other than habeas corpus]"); *see also Wallace v. N. Cheyenne Corrs. Officers,* No. CV 09-116-BLG-RFC, 2009 WL 5173897, at *1 (D. Mont. Dec. 30, 2009) (granting motion to dismiss where the plaintiff failed to allege that "the tribal entities and officers acted 'under color of state law,' as is required to state a claim under § 1983"); *Mullins v. Sycuan Band of Kumeyaay Nation*, CV 08-0870-LAB (JMA), 2008 WL 2745260, at *2 (S.D. Cal. July 11, 2008) (dismissing § 1983 claims against Indian tribe's police department and officers where the complaint "omitted one key element: they did not act 'under color of state law,' as is required to state a claim under that section").

An action is under color of state law when the state's role in the action is "significant." *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir.1991). Generally speaking, tribal officers "who act in concert with officers of the state are acting under the color of state law within the meaning of section 1983." *Evans v. McKay*, 869 F.2d 1341, 1348 (9th Cir. 1989).

Plaintiff has not alleged that either Defendant was acting under color of state law; nor has he provided any facts indicating there was any state involvement. Plaintiff's Response does not specifically address Defendants' argument that they did not act under color of state law, and Plaintiff only asserts that Defendant Daly "did not act accordingly under tribal law and Community law by restricting me from ceremonial sweat," apparently

conceding there was no state involvement or that either Defendant acted under color of state law.  (*See* Doc. 39 at 1-2.)  Nor does Plaintiff suggest he could amend his Complaint to allege a significant state role.

**IV.    Dismissal Without Leave to Amend**

Defendants did not address in their Motion whether dismissal, if granted, should be with or without prejudice, and Plaintiff does not address the issue at all in his Response or seek leave to amend if the Motion were granted.  In their Reply, Defendants argue that dismissal should be with prejudice because Plaintiff "cannot correct the fatal deficiencies in the Complaint."  (Doc. 40 at 9.)

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Court may grant leave to amend "freely" "when justice so requires."  A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment."  *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).  "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)).  However, where amendment would be futile, there is no reason to prolong litigation by allowing further amendments.  *Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1039 (9th Cir. 2002); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (futile amendments should not be permitted).

The Complaint was filed almost two years ago, and it does not appear that Plaintiff could amend his Complaint to state a claim.  Additional factual allegations will not change the fundamental fact that Plaintiff's claims against Defendants in their official capacities are barred by tribal sovereign immunity.  Additionally, any individual-capacity claims Plaintiff may attempt to assert against Defendants are not cognizable under RLUIPA, which does not extend to individual-capacity claims; nor are they cognizable under § 1983 because Defendants were acting only under tribal law, not under state law.  The Court

1  therefore concludes that further opportunities to amend would be futile, and will, in its
2  discretion, dismiss Plaintiff's Complaint without leave to amend.
3  **IT IS ORDERED:**
4      (1)    The reference to the Magistrate Judge is **withdrawn** as to Defendants'
5  Motion to Dismiss (Doc. 31).
6      (2)    Defendants' Motion to Dismiss (Doc. 31) is **granted**, and this action is
7  **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.
8      Dated this 25th day of May, 2021.

James A. Teilborg
Senior United States District Judge